**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| LAZARO DARIO RODRIGUEZ SANTOS, | ) | |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, | ) | No. 2:26-cv-02832-SHL-atc |
|    Respondent. | ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On July 9, 2026, Petitioner Lazaro Dario Rodriguez Santos filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Rodriguez Santos challenges his "indefinite detention without a meaningful custody review."  (Id. at PageID 3.)  Rodriguez Santos, a noncitizen, has resided in the United States continuously since 2022.  (Id. at PageID 2.) His partner is also present in the United States, along with his Lawful Permanent Resident ("LPR") father, LPR sibling, and several U.S. citizen uncles and cousins.  (Id. at PageID 3.)  On July 1, 2026, he was taken into ICE custody and remains detained at the West Tennessee Detention Facility.  (Id. at PageID 2, 7.)  He seeks immediate release from Respondent's custody.  (Id. at PageID 7.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)     Within **two business days** of the filing of this Order, Rodriguez Santos shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2)     Within **two business days** after Rodriguez Santos fully complies with the above requirement, Respondent shall respond to the Petition in writing.  If the basis of Rodriguez Santos's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from <u>Lopez-Campos v. Raycraft</u>, 175 F.4th 713 (6th Cir. 2026), or state why <u>Lopez-Campos</u> otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)     Rodriguez Santos may file a reply within **two business days** after Respondent's responsive filing.

(4)     Respondent shall not transfer Rodriguez Santos out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 10th day of July, 2026.

<div style="margin-left:45%">

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

</div>