**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| LAZARO DARIO RODRIGUEZ SANTOS, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | |
| | ) | No. 2:26-cv-02832-SHL-atc |
| CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER GRANTING PETITION**

On July 9, 2026, Petitioner Lazaro Dario Rodriguez Santos filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Rodriguez Santos challenges his "indefinite detention without a meaningful custody review." (Id. at PageID 3.) He seeks immediate release from Respondent's custody. (Id.) Respondent responded on July 14. (ECF No. 6.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 15.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Rodriguez Santos, a citizen of Cuba, has resided in the United States continuously since October 2021. (Id. at PageID 2; ECF No. 6 at PageID 15.) His partner is also present in the United States, along with his Lawful Permanent Resident ("LPR") father, LPR sibling, and several U.S. citizen uncles and cousins. (ECF No. 1 at PageID 3.) He was taken into ICE custody on either July 1, according to Petitioner, or June 13, according to Respondent. (Id. at

PageID 2; ECF No. 6 at PageID 16.)  He remains detained at the West Tennessee Detention Facility.  (ECF No. 1 at PageID 7.)  He seeks immediate release from Respondent's custody. (Id.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter.  (ECF No. 6 at PageID 15.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'"  Lopez-Campos, 175 F.4th at 732.  Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief.  (ECF No. 6 at PageID 16.)  Specifically, according to Respondent, "Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court."[1]  (Id. at PageID 15.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests

---

[1] Respondent also states in passing that, "on June 6, 2026, the Petitioner was arrested for promoting prostitution and aggravated criminal trespass in Sumner County, Tennessee."  (ECF No. 6 at PageID 15–16.)  But Respondent does not argue that the Laken Riley Act, which attaches immigration consequences to certain crimes, applies to this conduct.  See 8 U.S.C. § 1226(c)(1)(E)(ii) ("The Attorney General shall take into custody any alien who . . . is arrested for . . . any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person . . . .").

or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, Petitioner is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

**CONCLUSION**

For the reasons stated above, the Petition is **GRANTED**.  Respondent is **ORDERED** to immediately release Petitioner from custody.  Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A).  Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 15th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE